IN THE UNITED STATES DISTRICT COURT
WASHINGTON, DC

FILED
AUG - 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CareToLive,
a not for profit corporation

        Plaintiff,

vs.

Andrew von Eschenbach,
Commissioner of the FDA, et al.

        Defendants.

Case: 1:07-mc-00316
Assigned To : Lamberth, Royce C.
Assign. Date : 8/8/2007
Description: Miscellaneous

United States Southern District of Ohio
Case No.: 2:07 CV 729

## PETITION TO ENFORCE SUBPOENA

Now comes the Plaintiff through their undersigned counsel who hereby seeks to enforce the subpoena power of this court upon the editors and owners of a business being called the Cancer Letter, (Paul and Kirsten Goldberg) and it is further respectfully requested that in the interests of judicial and plaintiff economy that this court schedule this matter for a very brief <u>miscellaneous hearing at 9:30 a.m., on Monday August 13, 2007</u> as set forth in the attached memorandum. Respectfully submitted,

_____
Kerry M. Donahue (0061105)
BELLINGER & DONAHUE
6295 Emerald Parkway
Dublin, Ohio 43016
(614) 761-0402
(614) 789-9866 facsimile

## **MEMORANDUM**

On the morning of Thursday August 3, 2007 Plaintiff's counsel spoke to Paul Goldberg the owner operator of a business called the "Cancer Letter", which he runs out of the basement of his home, along with his wife Kirsten Goldberg.

Counsel requested documents related to this action, which are extremely important to Plaintiffs case. This request came as no great surprise to Mr. Goldberg, as various persons within and outside the press, has previously attempted to obtain the information/documents from Mr. Goldberg, since April of 2007.

Counsel explained to Mr. Goldberg that he would send him a subpoena for the documents if needed. Mr. Goldbegr responded that he was glad the FDA was being sued regarding this matter and said that his attorney would call counsel that day. Mr. Goldberg also requested a copy of the civil complaint which was immediately e-mailed to Mr. Goldberg, as he requested.

Neither Mr. Goldberg nor any counsel called Plaintiffs counsel as promised. Since Plaintiff's counsel had no further response two subpoenas were faxed to Mr. Goldberg requesting in the first that documents be produced to the offices of Plaintiffs counsel (there are only a couple of documents) by noon on August 6th by facsimile, e-mail or regular mail or if that was a problem then counsel for Plaintiff would travel from Dublin Ohio to Washington DC on Monday August 13, 2007

and inspect the documents himself at 10:30 a.m., per the second subpoena. A follow up e-mail was sent to the Cancer Letter at the address provided by Mr. Goldberg, asking if they were going to comply with the subpoenas or provide the information requested. Again no response was provided.

On Sunday August 5, 2007 Plaintiff attempted personal service upon Paul Goldberg of the subpoena already sent by facsimile ("Exhibit A"). According to the process servers they believed Paul Goldberg was in the house but that he twice sent his daughter to the door to say he was not there. Another e-mail concerning the documents was sent to Mr. Goldberg without any response.

On Monday August 6, 2007 a letter was sent from Mr. Goldberg's attorney, <u>acknowledging that they had received the faxed subpoenas</u> but that they were not properly served so they were not going to comply with them. The correspondence back and forth between counsel is attached hereto as "Exhibit B".

Counsel for Mr. Goldberg indicated that if counsel for Plaintiff showed up in Washington DC on August 13, 2007, that he would not be permitted to inspect the documents and counsel further suggested that Plaintiff seek enforcement in this Washington DC Court before they would comply with any subpoena, no matter how it was served.

Subpoenas have been reissued by personal service <u>despite counsel's previous acknowledgement of receipt of same</u> (Exhibit C).

Counsel for Mr. Goldberg has suggested that he will also seek to quash the subpoena on the grounds of privilege. This court should be aware that the evidence that is sought will show that Federal Employees improperly and unlawfully "leaked" the letters which are the subject of the inquiry to the Goldbergs. There is no privilege for anyone to protect federal employees, who contrary to Federal Regulations, have "leaked" information from within the FDA to sources outside the FDA for their own purposes including but not limited to the reason that they wanted to negatively affect an immunotherapy approval process, that at the time was pending within the FDA. There is no privilege to protect wrong doers within the Federal Government.

Because counsel for Plaintiff plans to be at the Cancer Letter's offices in Washington DC on Monday August 13, 2007, at considerable expense, and counsel for the Cancer Letter (Goldbergs) has indicated access will be denied no matter what, Plaintiff needs intervention from this court.

Any delay provides further chance that the Cancer Letter will unlawfully destroy, hide or delete valuable evidence in this matter.

WHERFORE it is requested that this court order compliance with both the subpoenas as issued and/or hold a miscellaneous hearing on Monday August 13th so that if enforcement is ordered that counsel for Plaintiff can immediately travel to

3821 Woodley Rd. NW, Washington, DC following the hearing and inspect the premises as set forth in the subpoena.

Respectfully submitted,

*[signature]*

Kerry M. Donahue (0061105)
BELLINGER & DONAHUE
Trial Counsel for Plaintiff, CareToLive
6295 Emerald Parkway
Dublin, Ohio 43016
(614) 761-0402
(614) 789-9866 facsimile

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of this motion was sent to counsel for Paul Goldberg ( DBA the Cancer Letter), Steven Lieberman, 1425 K Street, N.W., Suite 800, Washington, D.C. 20005 this 7th day of August, 2007 by regular US mail, postage prepaid and by facsimile.

*[signature]*
Kerry M. Donahue

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Southern  DISTRICT OF  Ohio

| CareToLive, a not for profit corporation | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| Andrew von Eschenbach, Commissioner of the FDA et al., | Case Number:[1]  2:07 CV 729 |

TO: Paul Goldberg
DBA Cancer Letter
PO BOX 9905
Washington, DC 20016

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| Cancer Letter offices at 3821 Woodley Rd. NW Washington DC | August 13, 2007 10:30 a.m. |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Counsel for Plaintiff CareToLive | 8-2-07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Kerry M. Donahue, 6295 Emerald Parkway, Dublin, Ohio 43016   (614) 761-0402

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

07 MC 316

**FILED**

AUG - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  | PROOF OF SERVICE | |
|---|---|---|
|  | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____                    _____
                        DATE                                                  SIGNATURE OF SERVER

                                                                              _____
                                                                              ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
 (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
 (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
 (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Southern    DISTRICT OF    Ohio

CareToLive, a not for profit corporation    **SUBPOENA IN A CIVIL CASE**
        V.

Andrew von Eschenbach, Commissioner    Case Number:[1]  2:07 CV 729
of the FDA et al.,

TO:  Paul Goldberg
     DBA Cancer Letter
     PO BOX 9905
     Washington, DC 20016

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): All phone records, e-mails or other comunications between your self and any federal employees including but not limited to Maha Hussain, Howard Scher, Thomas Flemming. Also the envelope or cover letter or any other communication that accompanied the letters from Hussain, Scher and Flemming.

| PLACE | DATE AND TIME |
|---|---|
| 6295 Emerald Parkway, Dublin, Ohio 43016 | August 6, 2007 at noon |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Counsel for Plaintiff CareToLive | 8-2-07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Kerry M. Donahue, 6295 Emerald Parkway, Dublin, Ohio 43016   (614) 761-0402

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                     DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

| Scott P. Bellinger<br>Kerry M. Donahue*<br>*Also admitted in Florida | **BELLINGER & DONAHUE**<br>Attorneys At Law | 6295 Emerald Parkway<br>Dublin, Ohio 43016<br>Office 614-761-0402<br>Fax 614-789-9866 |
|---|---|---|

**FILE COPY**

August 2, 2007

**BY FACSIMLE AND REGULAR US MAIL**

RE: CareToLive v. FDA litigation, Federal Case No. 2:07 CV 729

Paul Goldberg
Cancer Letter
PO BOX 9905
Washington, DC 20016

Dear Paul Goldberg,

Enclosed please find two subpoenas. If necessary the second one will be personally served upon you. If you comply with the first one the second one might become moot.

If your source is any federal employee (Scher, Flemming and Hussain would all be considered government employees then you have no legitimate "protect the source" argument. I don't think the "protect the source" argument will work anyways but if it is government it is coming from you particularly do not have an argument.

I am willing to work with you on this.

Sincerely,

*[signature]*

Kerry Donahue

07 MS 316

**FILED**

AUG - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



## ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom
Jason M. Shapiro

Anne M. Sterba
Lisa N. Phillips
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Brian A. Tollefson
Joo Mee Kim
R. Elizabeth Brenner-Leifer
Adam M. Treiber
Daniel L. Shores
Joseph E. Green
John A. Evans, Ph.D.
Thomas D. Lyford
Oliver L. Edwards*
David B. Orange

Of Counsel
John A. McCahill
Brian E. Banner

*Not Admitted in D.C.

August 6, 2007

*By E-mail*

Kerry Donahue, Esq.
Bellinger & Donahue
6295 Emerald Parkway
Dublin, Ohio 43016

> Re: <u>CareToLive v. von Eschenbach, et al.</u>

Dear Mr. Donahue:

      This firm represents "Paul Goldberg d/b/a The Cancer Letter" in connection with the subpoenae issued over your name dated August 2, 2007.

      Neither subpoena has been properly served on Mr. Goldberg or on The Cancer Letter and thus my client will not be responding to either subpoena. Should you effect proper service, then my clients will respond in accordance to Fed. R. Civ. P. 45. You should be aware that my clients intend to assert all applicable objections (including all applicable privileges). Since Mr. Goldberg and The Cancer Letter are represented by counsel, any further communication with them (other than service of a subpoena) should only be through me.

      I would appreciate it if you could provide me with a courtesy copy of any subpoena that you serve. Please do not misinterpret this request as advice that I am accepting service on behalf of my clients. I am not.

      Mr. Goldberg has forwarded to me the threatening e-mail messages that you sent to him yesterday afternoon and evening. You are now instructed not to communicate any further with Mr. Goldberg or members of his family – including the minor child that you have accused of lying. Mr. Goldberg is away on a long planned (that is long before your ridiculous subpoenas were issued) vacation. At this point in time one of his minor children is alone in their home. If you send a process server again to that house, we will call the police. When Mr. Goldberg returns from vacation, I will then discuss with you whether we would be willing to accept service at that point in time on behalf of Mr.

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Kerry Donahue, Esq.
Bellinger & Donahue
August 6, 2007
Page 2

Goldberg. Any further communications directed to my client will be referred to the appropriate disciplinary panel.

    Mr. Goldberg has also forwarded to me your e-mail of August 3 threatening to show up in his offices on August 13 with a computer expert "so that [you] can review all files and computers in [his] office that might be relevant to this matter or which might lead to other evidence relevant to this matter." I will provide you now with two comments on your letter. <u>First</u>, do not plan on showing up on August 13, 2007. Neither you nor your expert will be admitted since, *inter alia*, you have not properly served the subpoena on Mr. Goldberg. <u>Second</u>, please read Rule 45 of the Federal Rules of Civil Procedure which sets forth the procedures applicable to a subpoena directed to a non-party – procedures that your communications with Mr. Goldberg ignore.

                            Very truly yours,

                            Steven Lieberman /SXD

                            Steven Lieberman

SL:dob
cc:    Mr. Paul Goldberg

1420082_1

Subj: **Re: CareToLive v. von Eschenbach**
Date: 8/6/2007 11:24:10 A.M. Eastern Daylight Time
From: BeDonWahoo
To: slieberman@rfem.com

In a message dated 8/6/2007 9:36:03 A.M. Eastern Daylight Time, slieberman@rfem.com writes:

> Debora Braxton, Assistant to
>
> Steven Lieberman, Esquire
>
> Rothwell, Figg, Ernst & Manbeck, P.C.
>
> 1425 K Street, N.W. | Suite 800 | Washington, DC 20005
>
> Voice: 202-772-5667 | Fax: 202-783-6031
>
> www.rfem.com

If you are concerned about process servers going to the Goldberg's home/office then I suggest you agree to accept service on behalf of your client.

Isn't that easier?

Kerry M. Donahue
BELLINGER AND DONAHUE, ATTORNEYS AT LAW
6295 Emerald Parkway
Dublin, Ohio 43016
(614) 761-0402

---

Get a sneak peek of the all-new AOL.com.

Monday, August 06, 2007 America Online: BeDonWahoo



**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom
Jason M. Shapiro

Anne M. Sterba
Lisa N. Phillips
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Brian A. Tollefson
Joo Mee Kim
R. Elizabeth Brenner-Leifer
Adam M. Treiber
Daniel L. Shores
Joseph E. Green
John A. Evans, Ph.D.
Thomas D. Lyford
Oliver L. Edwards*
David B. Orange

Of Counsel
John A. McCahill
Brian E. Banner

*Not Admitted in D.C.

August 6, 2007

*By E-mail*

Kerry Donahue, Esq.
Bellinger & Donahue
6295 Emerald Parkway
Dublin, Ohio 43016

Re:   <u>CareToLive v. von Eschenbach, et al.</u>

Dear Mr. Donahue:

I received your voicemail from a few minutes ago. I suggest that you re-read my letter of earlier today. Mr. Goldberg has not been properly served – which you acknowledge. He is out of town on a long-planned vacation. Even if you were to serve him prior to next Monday, Mr. Goldberg will be asserting appropriate objections pursuant to Rule 45. If you or your representative appears at Mr. Goldberg's address next Monday you will not be admitted.

If you wish to file a motion with the Court here in the District of Columbia you are, of course, free to do so. I am, however, putting you on notice that we will seek attorneys' fees in connection with your repeated failure to comply with the requirements of Rule 45 – including your obligation to minimize the expense and inconvenience imposed upon third parties. With respect to your assertions that you are entitled to the information you seek from a journalist regarding his sources, I would be interested to know what efforts, if any, you have made to obtain the information you seek from the parties to your litigation.

Very truly yours,

Steven Lieberman /slo

Steven Lieberman

SL:dob
cc:   Mr. Paul Goldberg

| | |
|---|---|
| Subj: | **Re: CaretoLive** |
| Date: | 8/6/2007 11:56:44 A.M. Eastern Daylight Time |
| From: | BeDonWahoo |
| To: | slieberman@rfem.com |

In a message dated 8/6/2007 11:44:29 A.M. Eastern Daylight Time, slieberman@rfem.com writes:

> Debora Braxton, Assistant to
>
> Steven Lieberman, Esquire
>
> Rothwell, Figg, Ernst & Manbeck, P.C.
>
> 1425 K Street, N.W. | Suite 800 | Washington, DC 20005
>
> Voice: 202-772-5667 | Fax: 202-783-6031
>
> www.rfem.com

Minimize expensive and inconvenience???

I offered to come there where he could hand me the evidence on his front porch. How much simpler could I make it.

I have been working with Paul to get the evidence for a week and he only today claims he is on vacation. Your client accepted documents from federal employees and published them in conspiracy with those employees to advance his own agenda and served to deny Plaintiffs their rights. What he did was unlawful. There is no right top protect a source here (we will seek fees for any frivolous assertion thereof). What he is going to do is to force us to make him a party to this litigation if he wants to continue to deny us the evidence.

He has chosen not top cooperate and to make it as expensive and difficult as possible to obtain some simple information.

I am surprised you have take the position you have. Cooperation would be much less expensive for everyone. The alternative is I can depose him and subpoena him to all the hearings. Like I said there is two ways to do this 1) the easy way, 2) the hard way, WHICH YOU AND YOUR CLIENT HAVE CHOSEN.

Please advise your client that destruction of evidence is a federal offense.


Kerry M. Donahue
BELLINGER AND DONAHUE, ATTORNEYS AT LAW
6295 Emerald Parkway
Dublin, Ohio 43016
(614) 761-0402


Get a sneak peek of the all-new AOL.com.

Issued by the
# UNITED STATES DISTRICT COURT

Southern                                    DISTRICT OF    Ohio

CareToLive, a not for profit corporation
                    V.                           **SUBPOENA IN A CIVIL CASE**

Andrew von Eschenbach, Commissioner
of the FDA et al.,                          Case Number: 2:07 CV 729

TO: Kristen Boyd Goldberg
    3821 Woodley Rd. NW
    Washington, DC

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): All correspondence. e-mails, electronic or other evidence of communications between the Cancer Letter and any Federal employess regarding Provenge between January 1, 2007 and August 6, 2007. Also includes all cover letters, e-mails and voice, computer or other electronic information relative to alleged communications between your company and Hussain, Scher or Flemming.

| PLACE | DATE AND TIME |
|---|---|
| 6295 Emerald Parkway, Dublin, Ohio 43016 | 8-9-07 Noon |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]    Counsel for Plaintiff | 8-6-07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kerry M. Donahue, 6295 Emerald Parkway, Dublin, Ohio 43016   (614) 761-0402

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

07ms316

**FILED**

AUG - 8 2007

NANCY MAYER WHITTINGTON, CLERK

PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                   DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# Issued by the
# UNITED STATES DISTRICT COURT

Southern _____ DISTRICT OF ___Ohio___

CareToLive, a not for profit corporation
V.

Andrew von Eschenbach, Commissioner
of the FDA et al.,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:07 CV 729

TO: Paul Goldberg or Kristen Boyd Goldberg
3821 Woodley Rd. NW
Washington, DC

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | |
|  | DATE AND TIME |
|  | |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  | |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
|  | |

☒ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| 3821 Woodley Rd. NW, Washington DC   (all files and computers) | 8/13/07   10:30 a.m. |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| _[signature]_ Counsel for Plaintiff | 8-6-07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Kerry M. Donahue, 6295 Emerald Parkway, Dublin, Ohio 43016   (614) 761-0402

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).